UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ,<br><br>        Petitioner,<br><br>   v.<br><br>K. ALLISON, Warden,<br><br>        Respondent. | 1:11-cv—01161-LJO-SKO-HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR THE APPOINTMENT OF COUNSEL (DOC. 13)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL OF THE PETITION (DOC. 13)<br><br>ORDER DISMISSING THE PETITION WITHOUT PREJUDICE (DOC. 1) AND DIRECTING THE CLERK TO CLOSE THE ACTION |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Petitioner's motion to dismiss the petition without prejudice, which was filed on September 20, 2011.

    I.   <u>Background</u>

    On September 7, 2011, in response to the Court's order to

1

respond to the petition, Respondent filed a motion to dismiss the petition because of Petitioner's failure to exhaust administrative remedies and failure to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254. Petitioner then filed the instant motion for dismissal of the petition on the ground that Petitioner was unable to continue to litigate or argue this case. (Doc. 13, 1.) Petitioner's motion was served electronically on Respondent on September 20, 2011. Respondent has not responded to Petitioner's request to dismiss the petition.

In his request to dismiss the petition, Petitioner declares under penalty of perjury that he is being treated for major depression and bipolar disorder, is experiencing overwhelming stress, and cannot continue to litigate or argue his case. He states that he is in need of a professional attorney but cannot afford to hire one at this time. Petitioner requests that the Respondent be informed of his request to dismiss the petition. (Doc. 13, 1.)

II.   Request for Counsel

Although Petitioner does not expressly request counsel, it is possible that Petitioner is requesting the Court to appoint counsel to represent him in this action.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).

A Magistrate Judge may appoint counsel at any stage of a

2

1 habeas corpus proceeding if the interests of justice require it.
2 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254
3 Cases.  A district court evaluates the likelihood of a
4 petitioner's success on the merits and the ability of a
5 petitioner to articulate his claims pro se in light of the
6 complexity of the of the legal issues involved.  Weygandt v.
7 Look, 718 F.2d 952, 954 (9th Cir. 1983).
8      Here, Petitioner's claim or claims are not complex.  It
9 appears that Petitioner has failed to exhaust his state court
10 and/or administrative remedies.  In the present case, the Court
11 does not find that the interests of justice require the
12 appointment of counsel at the present time.
13      Accordingly, Petitioner's motion for appointment of counsel
14 will be denied.
15      III.  Voluntary Dismissal of the Petition
16      Subject to other provisions of law, a Petitioner may
17 voluntarily dismiss an action without leave of court before
18 service by the adverse party of an answer or motion for summary
19 judgment.  Fed. R. Civ. P. 41(a).  Otherwise, an action shall not
20 be dismissed except upon order of the court and upon such terms
21 and conditions as the court deems proper.  Id.
22      Here, no answer or motion for summary judgment has been
23 served or filed.  Respondent has actively sought dismissal of the
24 action and has not objected to Petitioner's request for dismissal
25 of the action.  Thus, Petitioner is entitled to dismissal.
26      The dismissal of the petition will be denominated as a
27 dismissal without prejudice.  However, Petitioner is forewarned
28 that there is a one-year limitations period in which a federal

petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. Id. The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

IV. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion for the appointment of counsel is DENIED; and

2) Petitioner's motion for voluntary dismissal is GRANTED; and

3) The petition for writ of habeas corpus is DISMISSED without prejudice; and

4) The Clerk is DIRECTED to close this action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated:   November 10, 2011**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

4