UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ, | ) 1:11-cv—01161-LJO-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DENYING PETITIONER'S |
| | ) REQUEST FOR THE APPOINTMENT OF |
| | ) COUNSEL (DOC. 13) |
| v. | ) |
| | ) ORDER GRANTING PETITIONER'S |
| K. ALLISON, Warden, | ) MOTION FOR VOLUNTARY DISMISSAL OF |
| | ) THE PETITION (DOC. 13) |
| Respondent. | ) |
| | ) ORDER DISMISSING THE PETITION |
| | ) WITHOUT PREJUDICE (DOC. 1) |
| | AND DIRECTING THE CLERK TO |
| | CLOSE THE ACTION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Petitioner's motion to dismiss the petition without prejudice, which was filed on September 20, 2011.

I. Background

On September 7, 2011, in response to the Court's order to

respond to the petition, Respondent filed a motion to dismiss the petition because of Petitioner's failure to exhaust administrative remedies and failure to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254. Petitioner then filed the instant motion for dismissal of the petition on the ground that Petitioner was unable to continue to litigate or argue this case. (Doc. 13, 1.) Petitioner's motion was served electronically on Respondent on September 20, 2011. Respondent has not responded to Petitioner's request to dismiss the petition.

In his request to dismiss the petition, Petitioner declares under penalty of perjury that he is being treated for major depression and bipolar disorder, is experiencing overwhelming stress, and cannot continue to litigate or argue his case. He states that he is in need of a professional attorney but cannot afford to hire one at this time. Petitioner requests that the Respondent be informed of his request to dismiss the petition. (Doc. 13, 1.)

II. Request for Counsel

Although Petitioner does not expressly request counsel, it is possible that Petitioner is requesting the Court to appoint counsel to represent him in this action.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).

A Magistrate Judge may appoint counsel at any stage of a

2

habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases. A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner's claim or claims are not complex. It appears that Petitioner has failed to exhaust his state court and/or administrative remedies. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, Petitioner's motion for appointment of counsel will be denied.

III. Voluntary Dismissal of the Petition

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper. Id.

Here, no answer or motion for summary judgment has been served or filed. Respondent has actively sought dismissal of the action and has not objected to Petitioner's request for dismissal of the action. Thus, Petitioner is entitled to dismissal.

The dismissal of the petition will be denominated as a dismissal without prejudice. However, Petitioner is forewarned that there is a one-year limitations period in which a federal

3

petition for writ of habeas corpus must be filed.  28 U.S.C. § 2244(d)(1).  In most cases, the one-year period begins to run at the conclusion of direct review.  Id.  The limitations period is tolled while a properly filed request for collateral review is pending in state court.  28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000).  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

IV.  Disposition

Accordingly, it is ORDERED that:

1)  Petitioner's motion for the appointment of counsel is DENIED; and

2)  Petitioner's motion for voluntary dismissal is GRANTED; and

3)  The petition for writ of habeas corpus is DISMISSED without prejudice; and

4)  The Clerk is DIRECTED to close this action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated:   November 10, 2011**              /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE